```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION
```

**ELBERT L. DULEY,**

       **Plaintiff,**

   vs.                                             **Civil Action 2:08-CV-751**
                                                        **Judge Sargus**
                                                         **Magistrate Judge King**

**OHIO DEPT. OF REHAB. & CORR./
BUREAU OF SENTENCE COMPUTATION,**

       **Defendant.**


### REPORT AND RECOMMENDATION

    This is a civil rights action under 42 U.S.C. §1983, in which plaintiff, an inmate at the Belmont Correctional Institution who is proceeding without the assistance of counsel, alleges that defendant Ohio Department of Rehabilitation and Correction, Bureau of Sentence Computation ("ODRC") violated his civil rights when it denied plaintiff's request for application of "good time" credit to his maximum term of imprisonment, but granted such credit to a different inmate. The complaint seeks declaratory, injunctive and monetary relief. *Complaint,* Doc. No. 5. This matter is before the Court on plaintiff's *Motion for Summary Judgment*, Doc. No. 23 ("*Plaintiff's Motion*") and *Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment and Defendant's Cross-Motion for Summary Judgment*, Doc. No. 29 ("*Defendant's Cross-Motion*"). For the reasons that follow, the Magistrate Judge **RECOMMENDS** that *Plaintiff's Motion* be **DENIED** and that *Defendant's Cross-Motion* be **GRANTED**.

## I. BACKGROUND

In October 1996, plaintiff pled guilty to two counts of gross sexual imposition, one count of attempted rape and one count of attempted felonious sexual penetration. Attachment 1 to *Complaint*, Doc. No. 5. Plaintiff was sentenced to terms of imprisonment of two years on each count of gross sexual imposition and to indefinite sentences of three to fifteen years on the remaining counts. *Id*. The state trial court ordered that these sentences be served concurrently. *Id*.

Following a hearing on July 17, 2006, plaintiff was denied parole. Another parole hearing was scheduled.

Plaintiff filed an action in the Court of Appeals of Ohio, Tenth Appellate District, seeking a writ of mandamus ordering that ODRC and the Ohio Adult Parole Authority ("OAPA") apply good time credit to reduce his maximum sentence. *Complaint*, p. 3 (citing *State ex rel. Duley v. Ohio Dep't of Rehab. and Corr.*, No. 06-AP-1221, 2007 Ohio 2011 (10th Dist. Ct. App. April 27, 2007) (Attachment 6 to *Complaint*)). The state court of appeals dismissed plaintiff's action, stating that

> former R.C. 2967.19[1] [which was repealed effective July 1, 1996, but which applies to plaintiff because he was sentenced prior to that date] provides only for the

---

[1]Former O.R.C. § 2967.19 provides:

(A) * * * [A] person confined in a state correctional institution is entitled to a deduction from his minimum or definite sentence of thirty per cent of the sentence, prorated for each month of the sentence during which he faithfully has observed the rules of the institution. * * *

*State ex rel. Vaughn v. Money*, 104 Ohio St. 3d 322, 323 (2004) (quoting former O.R.C. § 2967.19) (internal quotation marks omitted).

> application of good-time credit to reduce a minimum
> sentence, not a maximum sentence. Relator has received one
> or more parole hearings, and he has no legal right to
> further relief.

*State ex rel. Duley*, 2007 Ohio 2011, at \*P6 (citing *State ex rel. Vaughn v. Money*, 104 Ohio St.3d 322 (2004)).

On June 20, 2007, plaintiff filed a petition for a writ of habeas corpus in the Court of Common Pleas for Belmont County, Ohio, arguing that he had served more than seventy percent of his maximum indefinite sentence and claiming a right to release from prison. *State ex rel. Duley v. Eberlin*, No. 07 BE 51, 2008 Ohio 3084, ¶¶ 1, 5 (7th Dist. Ct. App. June 18, 2008) (Attachment 7 to *Complaint*). The state trial court dismissed that action. *Id.* at ¶¶ 1, 6-8 Plaintiff filed a motion pursuant to Ohio Civ. R. 60(B)(5) for relief from judgment, which was overruled. *Id.* at ¶¶ 8-10. On December 20, 2007, plaintiff appealed. *Id.* at ¶ 10. The Seventh District Court of Appeals affirmed the dismissal of plaintiff's habeas corpus action, explaining that under Ohio Supreme Court precedent, "former R.C. 2967.19 does not entitle an inmate to be released from prison before he serves the maximum term of his indeterminate sentence." *Id.* at ¶¶ 17-22 (citing, *inter alia*, *State ex rel. Lanham v. Ohio Adult Parole Auth.*, 80 Ohio St.3d 425 (1997) and *State ex rel. Johnson v. Ohio Dep't of Rehab. & Corr.*, 95 Ohio St.3d 70 (2002)).

Plaintiff instituted this action, alleging that the ODRC's "unwillingness to apply 'good-time', in equal terms ..., unequivocally offends Federal law." *Complaint*, p. 3. Both parties have moved for summary judgment.

**II. STANDARD**

The standard for summary judgment is well established. This standard is found in Rule 56 of the Federal Rules of Civil Procedure, which provides in pertinent part:

> The judgment sought shall be rendered if the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). Pursuant to Rule 56(c), summary judgment is appropriate if "there is no genuine issue as to any material fact . . . ." *Id*. In making this determination, the evidence "must be viewed in the light most favorable" to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, summary judgment is appropriate if the opposing party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "mere existence of a scintilla of evidence in support of the [opposing party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [opposing party]." *Anderson*, 477 U.S. at 252.

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate "the absence of a genuine issue of material fact."

*Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)). "Once the moving party has proved that no material facts exist, the non-moving party must do more than raise a metaphysical or conjectural doubt about issues requiring resolution at trial." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

In this case, plaintiff is proceeding without the assistance of counsel. A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than are formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A court should make a reasonable attempt to read the pleadings of a pro se litigant to state a valid claim on which the plaintiff could prevail, despite any failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Ashiegbu v. Purviance*, 74 F. Supp.2d 746, 749 (S.D. Ohio 1998) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "This standard does not mean, however, that pro se plaintiffs are entitled to take every case to trial." *Id*. at 746 (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)). "Indeed, courts should not assume the role of advocate for the pro se litigant." *Id*. (citing *Hall*, 935 F.2d at 1110).

**III. DISCUSSION**

Plaintiff argues that "the evidence establishes that Plaintiff was denied equal application of 'good-time' credit, which was previously granted to another with materially indistinguishable set of circumstances." *Plaintiff's Motion*, p. 3.  Plaintiff's motion for summary judgment, and civil rights claim, must fail.  First, the *Rooker-Feldman* doctrine, *see D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923), denies federal jurisdiction to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commence and inviting district court review and rejection of those judgments." *Exxon Mobile Corp v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  The *Complaint* in this action unquestionably asks this Court to review state court judges' application of state law to plaintiff's case.  The *Rooker-Feldman* doctrine prohibits this Court from exercising jurisdiction over this case.

Second, the doctrine of issue or claim preclusion also forecloses plaintiff's claims.  The term *res judicata* refers to the doctrines of both issue preclusion and claim preclusion.  *Taylor v. Sturgell*, __ U.S. __, 128 S. Ct. 2161, 2171 (2008).  The United States Supreme Court distinguishes the two doctrines:  "Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Id*. (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)).  Issue preclusion bars "'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even

6

if the issue recurs in the context of a different claim." *Taylor*, \_\_ U.S. \_\_, 128 S. Ct. at 2171 (quoting *New Hampshire*, 532 U.S. 748-749).

A federal court exercising jurisdiction over a civil rights claim under 42 U.S.C. §1983 must "give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which that judgment was rendered." *Migra v. Warren City School Dist. Bd. of Ed.,* 465 U.S. 75 (1984). Under Ohio law, issue preclusion operates as a bar when the following elements are met:

> (1) The party against whom estoppel is sought was a party or in privity with a party to the prior action;
>
> (2) There was a final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue;
>
> (3) The issue must have been admitted or actually tried and decided and must be necessary to the final judgment; and
>
> (4) The issue must have been identical to the issue involved in the prior suit.

*Dye v. City of Warren*, 367 F. Supp. 2d 1175, (N.D. Ohio) (quoting *Monahan v. Eagle Picher Indus., Inc.*, 21 Ohio App. 3d 179, 180-81 (1st Dist. Ct. App. 1984)).

These elements have been satisfied. Plaintiff is suing ODRC, the same defendant sued by plaintiff in prior litigation in the state actions. Plaintiff raised the same claim that former O.R.C. § 2967.19 serves to reduce plaintiff's maximum sentence, in both this action and the state court actions. In the state court litigation, final judgments on the merits of the same claim were entered. Accordingly, the doctrine of issue or claim preclusion foreclose the relitigation in this Court of the claims previously litigated by plaintiff in the Ohio Courts. Had plaintiff wished to seek federal review of those

*state* court actions, he could have sought review by the United States Supreme Court from any final judgment by the Ohio Supreme Court. *See* 28 U.S.C. §1257.

Moreover, the claims actually asserted by plaintiff in this action are without merit. It has long been held that the statute invoked by plaintiff, O.R.C. §2967.19, serves only to reduce the minimum sentence of an inmate who has earned good time credits and, therefore, the time at which the inmate is entitled to his first parole hearing. *State ex rel. Weaver v. Ohio Adult Parole Auth.,* 116 Ohio St.3d 340 (2007); *Beck v. Anderson,* 24 Fed. Appx. 247, **1, 2001 WL 1298971 (6th Cir. August 8, 2001). The refusal to apply good time credits toward the maximum term of an indeterminate sentence does not violate the constitutional notion of due process. *Beck v. Anderson, supra.*

Plaintiff also argues that the refusal by ODRC to apply his good time credits against his maximum term of imprisonment constitutes a denial of equal protection in light of the grant of such relief to another inmate by a state trial court. *André Coleman v. Betty Mitchell,* Case No. 00-116H (Richland Cy. Ct. Comm. Pl., May 8, 2000), attached to *Complaint,* Doc. No. 5. The state courts of appeals that considered plaintiff's appeals declined to follow the reasoning in *Coleman*, as contrary to authoritative state law. *State ex rel. Duley v. Ohio Dep't of Rehab. and Corr., supra; State ex rel. Duley v. Eberlin, supra.* The fact that a state trial court may have,[2] in

---

[2] The record before this Court does not indicate whether an appeal was filed in *Coleman v. Mitchell* or, if so, whether the state trial court's judgment was affirmed.

8

considering another inmate's claim, misapplied clearly established state law is not tantamount to a denial of equal protection to one whose claim was resolved in accordance with state law.

**WHEREUPON**, it is **RECOMMENDED** that plaintiff's *Motion for Summary Judgment*, Doc. No. 23, be **DENIED** and *Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment and Defendant's Cross-Motion for Summary Judgment*, Doc. No. 29, be **GRANTED**.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636 (b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947

(6th Cir. 1981).


June 22, 2009                               *s/Norah McCann King*
                                              Norah M<sup>c</sup>Cann King
                                         United States Magistrate Judge