IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ELBERT L. DULEY,

    Plaintiff,

vs.                                  Civil Action 2:08-CV-751
                                      Judge Sargus
                                      Magistrate Judge King
OHIO DEPT. OF REHAB. & CORR./
BUREAU OF SENTENCE COMPUTATION,

    Defendant.

## ORDER

    Plaintiff, an inmate at the Belmont Correctional Institution who is proceeding without the assistance of counsel, alleges that defendant Ohio Department of Rehabilitation and Correction, Bureau of Sentence Computation ("ODRC") violated his civil rights when it denied plaintiff's request for application of "good time" credit to his maximum term of imprisonment, but granted such credit to a different inmate. *Complaint*, Doc. No. 5. On June 22, 2009, the United States Magistrate Judge issue a *Report and Recommendation* recommending that all the claims asserted in the *Complaint* be dismissed. Doc. No. 32. Plaintiff has filed objections to the *Report and Recommendation*, Doc. No. 34. This matter is now before the Court on plaintiff's objections to that *Report and Recommendation*, which the Court will consider *de novo*. 28 U.S.C. §636(b).

    In her *Report and Recommendation,* the Magistrate Judge reasoned that, because plaintiff had presented his claim -- albeit without success -- to the courts of the State of Ohio, consideration by this

Court of those claims is foreclosed by the *Rooker-Feldman* doctrine, see *D.C. Ct. of App. v. Feldman*, 640 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923), and the doctrine of *res judicata* or claim and issue preclusion. *See Taylor v. Sturgell*, __ U.S. __, 128 S.Ct. 2161 (2008). *Report and Recommendation,* pp. 6-7. In rejecting the merits of plaintiff's arguments, the Magistrate Judge observed that, under authoritative state law, good time credits serve only to reduce an inmate's minimum sentence and do not reduce the maximum term of an indeterminate sentence. *Id.*, p. 8 (citing *State ex rel. Weaver v. Ohio Adult Parole Auth.*, 116 Ohio St.3d 340 (2007); *Beck v. Anderson*, 24 Fed. Appx. 247, **1, 2001 WL 1298971 (6th Cir. Aug. 8, 2001)). Finally, to the extent that plaintiff claims entitlement to a reduction of his maximum sentence because a state trial court had allegedly applied good time credits in that fashion in a case involving a different inmate, the Magistrate Judge concluded that the constitutional notion of equal protection does not require that plaintiff also be granted the benefit of a misapplication of state law. *Id.*, pp. 8-9.

Plaintiff objects to the *Report and Recommendation,* focusing particularly on his equal protection argument. Plaintiffs' objection is without merit. As the state courts of appeals which considered plaintiff's claim in this regard held, a misapplication of state law by a court of common pleas is not binding on any state court of appeals called upon to correctly apply authoritative state law. *See State ex rel. Duley v. Ohio Dep't of Rehab. and Corr.*, No. 06-AP-1221, 2007 Ohio 2011 (10th Dist. Ct. App. April 27, 2007) (Attachment 6 to

*Complaint*); *State ex rel. Duley v. Eberlin*, No. 07 BE 51, 2008 Ohio 3084 (7th Dist. Ct. App. June 18, 2008) (Attachment 7 to *Complaint*). Moreover, as observed in the *Report and Recommendation*, the record before this Court does not indicate whether an appeal was filed in the case upon which plaintiff relies, *André Coleman v. Betty Mitchell*, Case No. 00-116H (Richland Cy. Ct. Comm. Pl., May 8, 2000), attached to *Complaint,* Doc. No. 5., or, if so, whether the state trial court's judgment was affirmed or reversed.

Plaintiff also objects generally to the *Report and Recommendation*, asserting that it constituted "deliberate USURPATION" that violated his due process rights under the Fourteenth Amendment to the United States Constitution. Doc. No. 34, pp. 3-4 (emphasis in original). Again, plaintiff's objection is without merit. Plaintiff's conclusory assertion of his Fourteenth Amendment rights is insufficient to save his claims.

Having carefully reviewed the record, the *Report and Recommendation* and plaintiff's objections, the Court agrees with the conclusions of the United States Magistrate Judge. Plaintiff's objections, Doc. No. 34, are **DENIED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**. The Clerk shall enter **FINAL JUDGMENT**. Moreover, the Court concludes that an appeal from the judgment would not be taken in good faith.

7-15-2009
Date

Edmund A. Sargus
United States District Judge